STATE OF TENNESSEE, for the use of Union County v. A. R. SHARP, et al.

Eastern Section. January 7, 1928.

Petition for Certiorari denied by Supreme Court, March 31, 1928.

Lee A. Beeler, of Knoxville, and W. P. Monroe, of Maynardsville, for appellant.

Thurman Ailor, of Knoxville, for appellee.

PORTRUM, J. The bill in this cause was filed on the relation of Charles S. Kitts, acting County Judge of Union county, against W.

D. Walker, a commissioner named in a bond issue to build roads, and H. Clay Patrick, a former trustee of Union county, and the surety on Walker's official bond, and others not necessary to mention, for the purpose of recovering for the benefit of the county a part of the proceeds of a bond issue, in amount about $20,000, charging that H. Clay Patrick knowingly disregarded the enabling act, which was Senate Bill 653 of the Private Acts of 1921, found on page 1055, in that he paid out the funds to the commissioner upon his individual check when the act provided that he should pay the funds upon a warrant issued by the financial agent of the county, the county chairman, who should draw the warrant upon the approval of the road commissioners. It is averred that Caldwell & Company, Nashville, and I. B. Tigrett & Sons, of Jackson, purchased the whole of the bond issue for $125,000, but as a condition they required the funds to be deposited with them in their banking capacity and drawn out as needed. The act authorized the deposit of the funds in a reliable banking institution but required that it be paid out upon the warrant of the county chairman, and the complainant is that the trustee gave his checks to the commissioners to enable them to pay off the payrolls without the warrant of the chairman or the approval of the commissioners and, therefore, his act was illegal.

It is charged that the funds expended on a road designated as number five were wasted and because of the illegality of the disbursement of the fund the county is entitled to recover from the commissioner and his bondsmen and the former trustee the difference in the amount received and the amount expended.

The bill was answered denying the charges made in the bill and averring that the county received full value for the money expended. A large volume of proof was taken, and the Chancellor ordered a reference, the first head being what amount came into the hands of the trustee to be expended on the road in controversy, and to this he reported that $10,000 had come into the hands of the trustee to be expended on this road. The second head of the report reads as follows:

"What amount or sums have been expended, and what credits are allowable to the defendants, or either of them, by payments lawfully made out of said funds going into the (their) hands?"

The Master responded: "As to the second head, I find that H. Clay Patrick, trustee, has drawn checks on said fund in favor of W. D. Walker, aggregating approximately $10,000; but I further find that none of said payments out of said fund were authorized by warrants or other written order of the County Judge of Union county and were, therefore, without authority of law.

"I further find that only $3572.38 of said fund was spent with the knowledge and consent of J. Crip Sharp and A. R. Sharp, and

whatever additional amount thereof as has been spent was expended by W. D. Walker without their knowledge and consent.

"In this connection, however, I find that W. D. Walker, operating as road commissioner, supervised the construction of and had constructed something like a mile of road, as provided by the special act under which the money was appropriated, at a cost of approximately $5000.

"Deposition I. M. Shelby sixteen.

"And I further find that there was spent something like $1400 on account of equipment and supplies incident to the work actually done, and the benefit actually received by Union county. I am, therefore, of the opinion that the defendants should have credit for the benefits actually accruing to the county, and so report that H. Clay Patrick should be credited with $6400.

"As to the third head, I report H. Clay Patrick, trustee, is still indebted to Union county in the sum of $3600 on said account and that said sum having been paid by him over to W. D. Walker, as road commissioner, without lawful authority, and having been retained by said W. D. Walker, said Walker is likewise chargeable for same as such road commissioner."

This case came on for hearing upon the report when it was confirmed and a decree entered against the parties for the amount found in the report, the amount being $3600.

There are a great many assignments of error but the real question presented is the correctness of the conclusion of the Master. It is seen the Master undertook to pass upon the law and the facts. He was probably led astray by the order of reference wherein he was directed to ascertain the payments lawfully made. And to determine what was lawfully made, he felt called upon to fix the worth of the road in question, which he fixed at $5000, being the highest value placed by any witness upon it, to which was added the cost of the machinery, and deducting the total from the amount received leaves $3600 due. This is denied by the appellant. The appellee says it is conclusive because it is a finding concurred in by the Chancellor and the Master. We think it is open to review for the reason that it is not responsive, in a strict sense, to the reference. He was asked to determine the amount of the sums expended and credits allowed the defendants, whereas he did not determine the amount expended nor the credits allowed except to take the opinion of lay witnesses that the road could be built for $5000.

The reference is not binding for the further reason, the Master passed upon a question of law and not of fact, and any number of concurrences upon a question of law is not binding upon the final tribunal reviewing the case. It is apparent, upon an inspection of this report, that the method pursued by the Chancellor and by the

Master in arriving at the amount due the county from the defendants was an erroneous method.

Under the provision of the act, the commissioners were authorized to do the work by a force account, that is, by hiring a foreman and keeping the time of the laborers and teams as a pay roll, and paying the pay roll direct to the laborers. Section 9 of the act reads: ". . . provided that the commissioners, whenever they deem proper, shall employ an assistant foreman and hands and shall purchase necessary machinery and tools and material, or they may lease or rent same and do the work on their own account."

The road in question was built by this method, so it became a question of how much was actually expended on the road and not the value of the improvement, or what it could have been done for by contract had these witnesses been the contractors. It was within the discretion of the commissioners to adopt the force account method, and if they did so they were not guarantors that this method was as cheap or a cheaper method than the contract method. So the question is, what amounts were actually expended, in good faith, in paying the pay rolls for the work done on this road. If it is shown that the money actually was expended upon the road, then the commissioners did their duty, and W. D. Walker, who had the work in charge, could not be chargeable with the difference in the value of the work as done by him and the value of the work if it were done under contract. If he expended the funds in good faith, the county received the benefit of the funds, by a method authorized by the act, and has no cause of action against Walker nor the trustee, though they may have paid out the funds in a method contrary to the method prescribed by the act. This case is controlled by the case of Burns v. City of Nashville, 142 Tenn., 541. There it is stated when the city has received the benefit of the money illegally expended, it cannot recover. This case was followed in the probe cases, recently prosecuted in Knoxville, by the Court of Appeals, and the cases were later affirmed by the Supreme Court.

In the case of W. J. Savage, et al. v. Murray Construction Company, discussing this question, it is said:

"Conceding that the first defense is not well taken and that the expenditures representing such sums, as above stated, fall, under a fair construction, within the provisions of the chapter requiring competitive bidding, yet there is no evidence establishing the fact that the sums paid were excessive; and in the absence of this proof the case falls within the rules established in the case of Burns v. Nashville, supra, and there can be no recovery. But it is claimed that if it is once conceded the contracts and expenditures were illegal, because in violation of the charter, then it is the duty of the court to order a reference to the Master to ascertain the fact of the

excessiveness of the payment. This is not the rule. It was the duty of the complainants to introduce proof of excessiveness, and the court, having found the contracts illegal, the determinative issue then was, were the payments excessive? This issue could not be referred to the Master, for it was one of the main issues in the suit, and until both were adjudicated in favor of the complainants, the Master could not determine the extent of the excess in payment. State ex rel. v. Holt, 130 Tenn., 2012."

In this case the proof of the value of the work done may be sufficient to establish the fact, prima-facie, the payments were excessive and to cast the burden upon the defendants who were best able to set up the pay rolls to show the actual amount expended upon the road. The defendants attempted to make this showing but their pay rolls were excluded and to this they have preserved their rights and have assigned error. Their assignment is sustained. The evidence was very material. We have here a judgment against W. D. Walker and his surety and H. Clay Patrick, the former trustee, for $3600 with no showing that this money was not in fact expended upon the road in the method provided by law. The judgment was based upon the opinion of lay witnesses who testified that the value of the work was from $3500 to $5000. The Master acknowledges its unreliability when he says he attempted to be fair with the defendants and took the high sum. The defendants were entitled to more than this; they were entitled to an opportunity to show the amount actually expended in good faith upon the road. They were denied this right. And because of this the case is reversed and remanded for the purpose of ordering a reference to ascertain the amounts expended upon this road. The parties make some criticism of the pay rolls which were excluded. Of course, the pay rolls are subject to impeachment. The inquiry is: what amount was actually expended upon the road? It is not necessary now to determine that W. D. Walker, the commissioner, can retain sums received for his teams which worked upon the road and, if not, can the sums be recovered from H. Clay Patrick?

The judgment of the lower court is reversed. The case is remanded for the reference above referred to, and the cost of the appeal is adjudged against the relator or Union county.

Snodgrass and Thompson, JJ., concur.